## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LORI SANBORN, BDK ALLIANCE LLC,
IRON MAN LLC, STEPHANIE SILVER,
DAVID STEKETEE, SUSANNA MIRKIN,
BORIS MIRKIN, ELIZABETH
HEMBLING, PATRICIA KULESA,
STEWART CONNARD and STEVEN
LANDAU, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.

VIRIDIAN ENERGY, INC., VIRIDIAN
ENERGY PA LLC, Viridian Energy NY
LLC, and Viridian Energy LLC,

        Defendants.

No. 3:14-cv-01731 (SRU)

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY AND APPROVAL OF NOTICE TO CLASS AND RELATED MATTERS

On December 7, 2017, Plaintiffs Lori Sanborn, BDK Alliance LLC, Iron Man, LLC,

Stephanie Silver, David Steketee, Susanna and Boris Mirkin, Elizabeth Hembling, Stewart

Connard, Patricia Kulesa, and Steven Landau, acting individually and on behalf of the

proposed Settlement Classes, as defined below (collectively, "Plaintiffs" or, individually, a

"Plaintiff") and Defendants Viridian Energy, Inc., Viridian Energy PA LLC, Viridian

Energy NY, LLC, and Viridian Energy, LLC (collectively, "Viridian") entered into a Class

Action Settlement Agreement ("Agreement").  Pursuant to the Agreement, Plaintiffs have moved for entry of an order certifying the classes pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes only, granting preliminary approval to the settlement set forth in the Agreement ("Settlement"), and approving Notice to the Class and other related matters.  All defined terms in this Order (i.e., all capitalized words or phrases) shall have the same definitions and meanings as those set forth in the Agreement.

Having reviewed the Agreement and considered the Plaintiffs' submissions in support of class certification for settlement purposes and preliminary approval of the Agreement, the Court now **FINDS, CONCLUDES, AND ORDERS** as follows:

I.      **CERTIFICATION OF THE SETTLEMENT CLASSES**

The Agreement provides for a nationwide class settlement of the Released Claims, as defined below, of two proposed classes concerning certain practices with respect to Viridian variable rate electricity and/or gas plans.  Viridian has at all times disputed, and continues to dispute, Plaintiffs' allegations in the Litigation, denies any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Classes, and denies any wrongdoing.  However, as a part of the Agreement, Viridian is not objecting to the certification of the two settlement classes defined below for settlement purposes only.  The Agreement settles all Released Claims that have been or could have been brought in the proposed class-action Litigation.

A.      The Court has considered (1) allegations, information, arguments, and authorities provided by the parties in connection with pleadings and motions previously filed by each of them in this case; (2) information, arguments, and authorities provided in the memoranda submitted in support of Plaintiffs' preliminary approval motion; (3) Viridian's decision to not

object to certification of the settlement classes specified in the Agreement; (4) the terms of the Agreement including, but not limited to, the definition of the settlement classes and the benefits to be provided to each settlement class, respectively; and (5) the Agreement's elimination of any potential manageability issues, ascertainability issues, and individualized issues of fact and law that could have had a bearing on the certification of these nationwide classes for trial. Based on those considerations, the Court reviewed the required factors for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) and makes the following findings.

      1.      Each Settlement Class is ascertainable. Each Settlement Class is defined solely with reference to objective criteria. It is administratively feasible to determine class membership in each Settlement Class during the Class Period from July 1, 2009 through December 31, 2016.

      2.      From July 1, 2009 through December 31, 2016, thousands of customers entered into variable rate contracts with Viridian for electricity and/or natural gas supply services. These numbers readily satisfy the numerosity requirement of Rule 23(a).

      3.      There are questions of law and fact common to all members of each Settlement Class, respectively, based on Viridian's sale of the variable rate plans within and among each respective Settlement Class. Such questions include, but are not limited to, the following:

      a.      Whether Viridian made misrepresentations about the variable rate plans being related to wholesale gas or electricity rates; and

      b.      Whether the variable rate plans were based on wholesale market rates.

4. The claims of the Class Representatives for each Settlement Class are typical of their respective Settlement Class. The Class Representatives of each Settlement Class are members of their respective Settlement Class and allege that they have been damaged by the same conduct of Viridian that they allege has damaged other members of their respective Settlement Class. Class Representatives' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole. The claims of Class Representatives and other members of that respective Settlement Class are based upon corresponding theories.

5. Class Representatives can fairly, fully, and adequately protect the interests of the Settlement Class. Lead Class Counsel are experienced in prosecuting complex class-action litigation, and Class Representatives and Class Counsel have no interest that conflicts with, or is adverse to, the interests of either or both of the Settlement Classes.

6. Questions of law and fact common to all members of each of the Settlement Classes predominate over any questions affecting only individual members of that respective Settlement Class for settlement purposes.

7. A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B. Thus, the Court certifies the following two Settlement Classes pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) for settlement purposes only:

**Average Usage Class:** All persons in the United States who, during the Class Period, were enrolled (either initially or through "rolling over" from a fixed rate plan) in a Viridian variable rate electricity and/or gas plan with an average annual utilization rate of 25,000 or less kilowatt hours or 2,500 or less therms.

**Above Average Usage Class:** All persons in the United States who, during the Class Period, were enrolled (either initially or through "rolling over" from a fixed rate plan) in a Viridian variable rate electricity and/or gas plan with an average

annual utilization rate of more than 25,000 kilowatt hours or more than 2,500 therms, respectively.

The Average Usage Class and the Above Average Usage Class are collectively referred to as the "Settlement Classes" herein.

Excluded from the Settlement Classes are: Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, and Viridian Energy, LLC; any of their parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, agent, predecessor, successor, or assignee of Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, and/or Viridian Energy, LLC; any person enrolled in a Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, or Viridian Energy, LLC Minus-5, 3DOM, or Term Free Index plan; any person who has previously released claims that will be released by this Settlement; federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); Independent Viridian Associates and former Viridian employees; and the Judges to whom any of the actions in the Litigation are assigned and any members of their immediate families.

The Class Period means July 1, 2009 through December 31, 2016.

C.      The Court appoints Plaintiffs Lori Sanborn, Iron Man, LLC, Stephanie Silver, David Steketee, Susanna and Boris Mirkin, Elizabeth Hembling, Stewart Connard, Patricia Kulesa, and Steven Landau as the Class Representatives of the Average Usage Class.

D.      The Court appoints Plaintiff BDK Alliance LLC as the Class Representative of the Above Average Usage Class.

E.      The Court appoints IZARD, KINDALL & RAABE, LLP; WITTELS LAW, P.C.; HYMOWITZ LAW GROUP, PLLC; KOHN SWIFT & GARF PC; MARCUS & MACK, P.C.; GREENFIELD & GOODMAN LLC; and CUNEO, GILBERT & LADUCA, LLP as Class Counsel for the Settlement Classes.

F.      The Court also appoints IZARD, KINDALL & RAABE, LLP and WITTELS LAW, P.C. Lead Class Counsel for the Settlement Classes.

G.     If for any reason the Settlement Agreement ultimately does not become effective, Viridian's conditional decision to not object to the certification of the Settlement Classes shall be null and void in its entirety; this Order certifying a nationwide class shall be vacated; and Viridian and Plaintiffs shall return without prejudice to their respective positions in the Litigation as those positions existed immediately before the execution of the Settlement Agreement.

## II.     PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

A.     The Settlement requires Viridian to pay (i) Administration and notice expenses, (ii) valid claims for cash benefits to members of the Settlement Classes, and (iii) an award to Class Counsel for attorneys' fees and costs and service awards to Class Representatives, with the aggregate amounts of (i), (ii), and (iii) limited to a maximum of Eighteen Million Five Hundred Thousand Dollars ($18,500,000.00) ("Settlement Amount") as more particularly described in the Settlement Agreement.

B.     Average Usage Class Members have a cash benefit option of the greater of $5.00 or 65% of the Calculated Amount, which takes into account the difference between what the Average Usage Class Member paid pursuant to a Viridian variable rate electricity or gas plan during the Claim Period versus what the Average Usage Class Member would have paid the local public utility during the same period.  The Average Usage cash benefit cannot exceed $425.00 per valid claim.  For Average Usage Class Members who: (i) are current customers of Viridian at the time a claim under this Settlement is made or (ii) former customer Average Usage Class Members who wish to re-enroll with Viridian and who have a Calculated Amount above zero dollars ($0.00), there also is a billing credit option, in lieu of a cash benefit, that is worth $102.00 over twelve months to be credited at the end of the Settlement Class Member's service period (or twelve (12) months, whichever date comes first).

C.      Above Average Usage Class Members have a cash benefit option of the greater of $10.00 or 65% of the Calculated Amount, which takes into account the difference between what the Above Average Usage Class Member paid pursuant to a Viridian variable rate electricity or gas plan during the Claim Period versus what the Above Average Usage Class Member would have paid the local public utility during the same period.  The Above Average Usage cash benefit cannot exceed $500.00 per valid claim.  For Above Average Usage Class Members who: (i) are current customers of Viridian at the time a claim under this Settlement is made or (ii) former customer Above Average Usage Class Members who wish to re-enroll with Viridian, and who have a Calculated Amount above zero dollars ($0.00), there also is the billing credit option, in lieu of a cash benefit, that is worth $102.00 over twelve months, net of any early termination fees, to be credited at the end of the Settlement Class Member's service period (or twelve (12) months, whichever date comes first).

D.      The monetary value of Billing Credit Options elected by Settlement Class Members will not count against the Settlement Amount.

E.      Further, Viridian shall provide its current Independent Viridian Associates ("IVAs") who are involved in the solicitation of potential Viridian customers with written notice of the IVAs' contractual requirement to abide by Viridian's policies regarding advertising and marketing claims including, but not limited to, refraining from making unsubstantiated claims regarding cost savings or how Viridian's variable rates are determined, and advising IVAs that Viridian will penalize IVAs for any failure to comply with Viridian's policies, including, where appropriate, by terminating the IVA's relationship with Viridian.

F.      On a preliminary basis, therefore, taking into account (1) the defenses asserted by Viridian, (2) the risks to the members of the Settlement Classes that Viridian would successfully

defend against claims arising out of the facts and legal theories pled and asserted in the

Litigation, whether litigated by members of the Settlement Classes themselves or on their behalf

as a class action, and (3) the length of time that would be required for members of the Settlement

Classes, or any group of members of the Settlement Class, to obtain a final judgment through one

or more additional trials and appeals, the Court finds that the proposed settlement, which

includes the benefits described above in exchange for, *inter alia*, dismissal of the Litigation with

prejudice and the release of certain claims filed or that could have been filed against Defendants

by Plaintiffs and Class Members, as set forth in the Settlement Agreement, is within the range of

approvable settlements. Moreover, the Parties have reached the Settlement after extensive

litigation, discovery, and engaging in arms-length settlement negotiations over the course of over

a year. *See Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) ("Preliminary

approval of a class action settlement, in contrast to final approval, is at most a determination that

there is what might be termed 'probable cause' to submit the proposal to class members and hold

a full-scale hearing as to its fairness . . . . As such, it is appropriate where it is the result of

serious, informed, and non-collusive negotiations, where there are no grounds to doubt its

fairness and no other obvious deficiencies, and where the settlement appears to fall within the

range of possible approval.") (internal citation and quotation omitted). For all these reasons, the

Settlement before the Court falls within the appropriate range of possible approval and does not

appear in any way to be the product of collusion.

       G.      Accordingly, it is ORDERED and ADJUDGED that the Settlement Agreement is

preliminarily approved and the Settlement Class should be provided notice of it.

**III. APPROVAL OF THE FORM OF THE NOTICES TO THE CLASSES AND CLAIM FORM, THE PLANS FOR DISSEMINATION OF THE NOTICES, AND APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

A.      The Parties have submitted the following proposed notices, modified from the versions originally appended as Exhibits B, C, D and E to the Settlement Agreement, that incorporate revisions requested by the Court and agreed to by the Parties: (i) a Long Form Notice for the Average Usage Class (Exhibit A hereto), (ii) a Long Form Notice for the Above Average Usage Class (Exhibit B hereto), (iii) a Short Form Notice to the Average Usage Class (Exhibit C hereto), and (iv) a proposed Short Form Notice for the Above Average Usage Class (Exhibit D hereto).  A proposed Claim Form also has been submitted to the Court, which is attached as Exhibit A to the Settlement Agreement.

B.      The notice plan provides that no later than thirty (30) days after the Court grants Preliminary Approval, the Settlement Administrator shall disseminate the Short Form Notices with a unique Class Member identifier by either (1) email to the email address of Class Members if an e-mail address was provided by the Class Member, or (2) mail to the last known postal address to those Class Members who did not provide an email address.  The Settlement Agreement sets forth adequate provisions for the handling of any returned mail or emails.

C.      Prior to mailing any Short Form Notices the Settlement Administrator shall compare the information provided by Viridian for each Class Member with a national change of address database and update Class Member addresses as required.

D.      Not later than thirty (30) days after entry of this Order, the Settlement Administrator will create and maintain a website applicable to each Settlement Class to provide, among other things, copies of the applicable Long-Form Notices, the Settlement Agreement, the Settlement Administrator's and Class Counsel's contact information, certain selected pleadings

and Court orders from this Action, a method for the electronic submission of Claim Forms, a method for requesting the Claim Form(s) by mail, and a list of frequently asked questions likely to be made by Settlement Class Members and answers thereto.

E.  Not later than (30) days after the entry of this Order, the Settlement Administrator shall set up and operate a case-specific toll-free number with an automated system providing information about the Settlement with the ability to request copies of the Notice, the Settlement Agreement, and Claim Form and the ability to communicate orally with a Settlement Administrator employee.

F.  The standard for the adequacy of a settlement notice in a class action is measured by reasonableness.  *See* Fed. R. Civ. P. 23(e).  In this Circuit, Rule 23 requires that a "settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings."  *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (quotation marks omitted). *See also McReynolds v. Richards-Cantave*, 588 F.3d 790, 797 (2d Cir. 2009) (finding notice sufficient where it is the "the best notice practicable").

G.  As required, the Class Notices and Settlement Websites will fairly, accurately, and reasonably inform members of each respective Settlement Class of (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement Agreement; (3) appropriate information about, and means for obtaining, a Claim Form; (4) appropriate information about, and means for submitting, a Claim Form for compensation under the Settlement; and (5) appropriate information about how to challenge, or exclude themselves from, the Settlement, if they wish to do so.  The Class Notices

and Settlement Websites also will fairly and adequately inform members of the Settlement Classes that failure to complete and submit a Claim Form in the manner and time specified in the Class Notices, Settlement Website, and Claim Form shall constitute a waiver of any right to obtain any compensation or benefit under the Settlement.  The Class Notices and Settlement Websites also will fairly and adequately inform members of each Settlement Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing or otherwise to contest certification of the Settlement Class or approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.  Thus, the proposed Notices satisfy the notice requirements of Fed. R. Civ. P. 23(e) and all applicable federal law.

H.     The proposed plan for distributing the Class Notices by mail or email directly to members of the proposed Settlement Classes and establishing the Settlement Websites appear reasonably likely to notify members of the Settlement Classes of the Settlement.  Thus, the proposed notice plan satisfies the notice requirements of due process, Fed. R. Civ. P. 23(e) and all applicable federal law.

I.     Heffler Claims Group is appointed the Settlement Administrator.  The Settlement Administrator shall, subject to the supervision of the Court, administer the relief provided by the Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under the Agreement.  The Settlement Administrator shall maintain all records that are required by applicable law in accordance with its normal business practices, and such records will be made available to Class Counsel, Viridian's counsel, the Parties, and their representatives promptly upon request.

J.      The Settlement Administrator shall be responsible for, among other things, providing the Class Notices, processing Claim Forms, and administering the Settlement Websites, Objection process, Opt-Out process, and Settlement claims process described herein. The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims including but not limited to: validating Claims against Viridian's records, determining the Calculated Benefit based solely upon Viridian's business records and reports, requiring manual entry of a unique Class Member identifier to access the Claim Form via the Settlement Website, matching the Class Member identifier on the Claim Form to the notice list, and screening for multiple or fraudulent claims. Any individuals who lost their Class Member identifier, may obtain a copy from the Settlement Administrator by providing appropriate proof that they are a Class Member. The Settlement Administrator shall have the right to audit claims, and the Settlement Administrator may request additional information from Class Members submitting claims. If any fraud is detected or reasonably suspected, the Settlement Administrator may request further information from the Settlement Class Member and deny such claims, subject to the ultimate oversight by the Court. The Settlement Administrator shall approve or deny all claims, and its decision, in conjunction with Class Counsel, shall be final and binding.

K.      The Court, having reviewed the proposed Class Notices, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process. Accordingly, the Court ORDERS as follows:

1.	The form and content of the proposed Class Notices and Claim Form are approved.

2.	Promptly following the entry of this Order, the Parties and Settlement Administrator shall prepare final versions of the Class Notices and Claim Form, incorporating into each of them the Fairness Hearing date and other deadlines set forth in this Order.

3.	The Notice Commencement Date shall be the date that the Short Form Notices are first mailed to the last known postal addresses.  The Parties shall determine in advance the date the mailing will occur and shall calculate and set forth in the Notices the applicable Opt-Out Deadline and the Objection Deadline, which shall be sixty (60) days from the Notice Commencement Date.

4.	No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Order.

## IV.	PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.	Fairness Hearing

The Court will hold a Final Approval Hearing (also known as a "Fairness Hearing") at 10:00 a.m. on June 25, 2018, in Courtroom One of the United States District Court for the District of Connecticut, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.  At the Final Approval Hearing, the Court will consider the certification of each of the Settlement Classes, the appointments of the Class Representatives of each Settlement Class, the appointment of Class Counsel, the Settlement Agreement, and whether the Settlement should receive final approval. At that time, the Court also will consider any request that may be made by Class Counsel for an

award of attorneys' fees and costs to Class Counsel and for service awards to each Plaintiff, all to be paid out of the Settlement Amount in accordance with the terms of the Agreement. The Parties shall file their motions for final approval of the Settlement, attorneys' fees, costs and expenses, and service awards to the named Plaintiffs and any briefs in support of such motions on or before June 4, 2018. Those motions and supporting papers will be posted on the Settlement Websites within one day of their being filed. Objections to those motions must be made in accordance with the Long Form Notice and this Order on or before the Objection Deadline.

      B.      **Deadline for Members of the Settlement Classes to Request Exclusion from their Respective Settlement Class and Settlement**

Members of the Settlement Classes who wish to be excluded from their respective Settlement Class must mail their written and signed requests for exclusion to the Settlement Administrator in the form required in the Long Form Notice by first-class or priority United States Mail, postmarked by the United States Postal Service, no later than sixty (60) days after the Notice Commencement Date ("Opt-Out Deadline").

      C.      **Deadline for Filing Objections to Matters to Be Heard at the Fairness Hearing and for Filing Requests to Appear and Present Argument or Evidence**

All objections by Class Members to the final approval of the Settlement or any provision of the Settlement Agreement shall be made in writing in accordance with the terms of this Order and the Settlement Agreement and Long Form Notice, no later than sixty (60) days after the Notice Commencement Date ("Objection Deadline"), mailed to the Settlement Administrator, who shall provide copies to Class Counsel and Viridian's counsel   Any papers not submitted in the manner and time as prescribed by this Order and the Settlement Agreement and Long Form

Notices will not be considered at the Fairness Hearing, and all objections not made in the prescribed manner and time shall be deemed waived.

All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for the purpose of objecting to any aspect of the matters to be addressed at the Fairness Hearing, must include a written notice of their intention to appear at the Fairness Hearing, including identifying any counsel who will appear on their behalf, with their objections mailed to the Settlement Administrator, on or before the Objection Deadline.

     D.    **Deadline for Submitting Claim Forms**

Class members will have 90 days from the Notice Commencement Date to submit a Claim Form for any of the benefits available under the Settlement.

## V. ABSENCE OF ANY ADMISSION; DENIAL OF ANY WRONGFUL ACT OR OMISSION AND OF ANY LIABILITY

The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Viridian has at all times denied, and continues to deny, any wrongful act or omission alleged by Plaintiffs in the Litigation and any liability of any sort to Plaintiffs or any member of the Settlement Classes. Nothing contained in the Settlement Agreement, in the documents relating to the Settlement Agreement, or in this Order shall be construed, deemed, or offered as an admission or waiver by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of February 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge