## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI SANBORN, BDK ALLIANCE LLC, IRON MAN LLC, STEPHANIE SILVER, DAVID STEKETEE, SUSANNA MIRKIN, BORIS MIRKIN, ELIZABETH HEMBLING, PATRICIA KULESA, STEWART CONNARD and STEVEN LANDAU on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>VIRIDIAN ENERGY, INC., VIRIDIAN ENERGY PA, LLC, VIRIDIAN ENERGY NY, LLC AND VIRIDIAN ENERGY, LLC,<br><br>      Defendants. | No. 3:14-cv-01731 (SRU)<br><br><br><br>June 11, 2018 |

**PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF AWARD OF ATTORNEYS' FEES AND EXPENSES AND PLAINTIFF SERVICE AWARDS**

Plaintiffs Lori Sanborn, BDK Alliance LLC, Iron Man LLC, Stephanie Silver, David Steketee, Susanna Mirkin, Boris Mirkin, Elizabeth Hembling, Patricia Kulesa, Stewart Connard and Steven Landau (collectively, "Plaintiffs"), individually and on behalf of the Settlement Class,[1] respectfully move that the Court:

(1) Certify the Settlement Class;

(2) Appoint Plaintiffs as Representatives of the Settlement Class;

---

[1] All capitalized terms have the meaning set out in the Settlement Agreement (ECF No. 116-1).

1

(3) Appoint Robert A. Izard, Craig A. Raabe, and Seth R. Klein of Izard Kindall & Raabe LLP and Steven Wittels and J. Burkett McInturff of Wittels Law, P.C. as Lead Settlement Class Counsel; and Richard D. Greenfield of Greenfield & Goodman LLC, Charles J. LaDuca of Cuneo Gilbert & LaDuca LLP, Jonathan Shub of Kohn Swift & Graf PC, Troy M. Frederick of Marcus & Mack PC, and Daniel Hymowitz and Andrey Belenky of Hymowitz Law Group, PLLC as additional settlement Class Counsel; and

(4) Approve the Class Action Settlement and the terms thereof as set forth in the Settlement Agreement.

Plaintiffs also respectfully move that the Court award attorneys' fees and expenses and Plaintiff service awards as follows:

(a) Award attorneys' fees to Class Counsel in the amount of $4,047,333.39 (constituting 21.9 percent of the total value of the Settlement);

(b) Award Class Counsel the additional amount of $407,666.61 for expenses reasonably and necessarily incurred in the prosecution of the litigation;

(c) Award Plaintiffs $5,000 each for their time and effort on behalf of the Settlement Class.

In support of this Motion, Plaintiffs have filed a Memorandum of Law and separate supporting declarations of Lead Class Counsel Robert A. Izard and Steven L Wittels and additional settlement Class Counsel Troy M. Frederick, Richard D. Greenfield, Charles J. LaDuca, Laurie Rubinow and Jonathan Shub, as well as the Declaration of Scott Fenwick of the Heffler Claims Group, the Settlement Administrator appointed by the Court in this case.

Plaintiffs' request for approval of the Settlement is separate from, and not dependent upon, approval of Plaintiffs' request for an award of attorneys' fees and expenses and service awards. *See* Settlement Agreement at ¶ 8.2. A [Proposed] Final Approval Order is submitted

2

herewith as Exhibit A.  A separate [Proposed] Order Awarding Attorneys' Fees and Expenses

and Plaintiff Case Contribution Awards is submitted herewith as Exhibit B.[2]


Dated: June 11, 2018

PLAINTIFFS

   \s\ Robert A. Izard

By: Robert A. Izard, Esq. (ct01601)
    Craig A. Raabe, Esq. (ct04116)
    Seth R. Klein, Esq. (ct18121)
    **Izard Kindall & Raabe LLP**
    29 South Main Street, Suite 305
    West Hartford, CT  06107
    Phone: (860) 493-6292
    e-mail: rizard@ikrlaw.com
        craabe@ikrlaw.com
        sklein@ikrlaw.com

*Attorneys for Plaintiffs Lori Sanborn, BDK Alliance, LLC. Iron Man LLC, Stephanie Sliver, David Steketee, and the Classes*


   \s\ Steven L. Wittels

By: Steven L. Wittels, Esq.
    J. Burkett McInturff, Esq.
    Tiasha Palikovic, Esq.
    **Wittels Law, P.C.**
    18 Half Mile Road
    Armonk, NY 10504
    Phone: (914) 319-9945
    Facsimile: (914) 273-2563
    e-mail: slw@wittelslaw.com
        jbm@wittelslaw.com
        tpalikovic@wittelslaw.com

---

[2]  Plaintiffs would be happy to provide Word versions of either or both documents at the request of the Court.

Daniel Hymowitz, Esq.
Andrey Belenky, Esq.
**Hymowitz Law Group, PLLC**
45 Broadway, 27th Floor
New York, NY 10006
Phone: 212-913-0401
Facsimile: (866) 521-6040
e-mail: daniel@hymowitzlaw.com
           abelenky@hymowitzlaw.com

*Attorneys for Plaintiffs Susanna Mirkin, Boris Mirkin,*
*and the Classes*

  \s\ Charles J. LaDuca
Charles J. LaDuca, Esq.
Beatrice Yakubu, Esq.
**Cuneo Gilbert & LaDuca, LLP**
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Phone: (202) 789-3960
e-mail: byakubu@cuneolaw.com

Richard D. Greenfield, Esq.
Marguerite R. Goodman, Esq.
**Greenfield & Goodman, LLC**
250 Hudson Street – 8th Floor
New York, NY  10013
Phone: (917) 495-4446
e-mail: rdg@twowhitehats.com

*Attorneys for Plaintiffs Elizabeth Hembling, Patricia*
*Kulesa, Stewart Connard and the Classes*

  \s\ Jonathan Shub
By: Jonathan Shub, Esq.
**Kohn, Swift & Graf, P.C.**
Identification No: 53965
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Phone: (215) 564-2300
Fax: (215) 851-8029
jshub@kohnswift.com

4

Troy M. Frederick, Esq.
**Marcus & Mack, P.C.**
Identification No: 207461
57 South Sixth Street
Indiana, PA 15701
Phone: (724) 349-5602
Fax: (724) 349-8362
TFrederick@MarcusandMack.com

*Attorneys for Plaintiff Steven Landau and the Classes*

## **CERTIFICATE OF SERVICE**

I, Seth R. Klein, hereby certify that on this 11th day of June, 2018, the foregoing and the supporting Memorandum and all supporting Declarations were filed electronically.  Notice of these filings will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document though the court's CM/ECF system.

/s/ Seth R. Klein
Seth R. Klein

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LORI SANBORN, BDK ALLIANCE LLC, IRON MAN LLC and STEPHANIE SILVER, DAVID STEKETEE, SUSANNA MIRKIN, BORIS MIRKIN, ELIZABETH HEMBLING, PATRICIA KULESA, STEWART CONNARD and STEVEN LANDAU on behalf of themselves and all others similarly situated, | No. 3:14-cv-01731 (SRU) |

CLASS ACTION

                              Plaintiffs,

v.

VIRIDIAN ENERGY, INC. and
VIRIDIAN ENERGY PA LLC.,

                              Defendants.

**[PROPOSED] FINAL ORDER AND JUDGMENT CERTIFYING THE CLASS APPROVING THE CLASS ACTION SETTLEMENT, AND DISMISSING THE ACTION WITH PREJUDICE**

Upon considering Plaintiffs' Motion for Final Approval of Class Settlement and Related Relief (the "Motion") seeking approval of the Proposed Settlement Agreement (on file with the Court at ECF 155-1) and Plaintiffs' Memorandum in support thereof, and on considering the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

2.      Venue is proper in this district.

3.      The Court has thoroughly considered the sole Objection to the Settlement as filed by Michael Ferraro (ECF No. 167), and overrules the Objection in its entirety as having no legal or factual basis.

4.      The Court finds for settlement purposes only, that the Federal Rule of Civil Procedure Rule 23 factors are present and that certification of the two proposed Classes, as defined and set forth below, which were preliminarily certified previously, is appropriate under Fed. R. Civ. P. Rule 23(a) and Rule 23(b)(3), in particular:

**Average Usage Class:** All persons in the United States who, during the Class Period, were enrolled (either initially or through "rolling over" from a fixed rate plan) in a Viridian variable rate electricity and/or gas plan with an average annual utilization rate of 25,000 or less kilowatt hours or 2,500 or less therms.

**Above Average Usage Class:** All persons in the United States who, during the Class Period, were enrolled (either initially or through "rolling over" from a fixed rate plan) in a Viridian variable rate electricity and/or gas plan with an average annual utilization rate of more than 25,000 kilowatt hours or more than 2,500 therms, respectively.

Excluded from the Settlement Classes are: Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, and Viridian Energy, LLC; any of their parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, agent, predecessor, successor, or assignee of Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, and/or Viridian Energy, LLC; any person enrolled in a Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, or Viridian Energy, LLC Minus-5, 3DOM, or Term Free Index plan; any person who has previously released claims that will be released by this Settlement; federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof); Independent Viridian Associates and former Viridian employees; and the Judges to whom any of the actions in the Litigation are assigned and any members of their immediate families.

"Class Period" means July 1, 2009 through December 31, 2016.

5.      Specifically, the Court finds for settlement purposes only that each of the Classes described above satisfies the following factors of Fed. R. Civ. P. 23(a) and 23(b)(3):

(a)     <u>Numerosity</u>:  In this case, each Class consists of thousands of individuals or entities that had accounts with Viridian at some point during the period from July 1, 2009 through December 31, 2016.  Thus, the Rule 23(a)(1) numerosity requirement has been met with respect to each Class.

(b)     <u>Commonality</u>:  Plaintiffs' claims in each Class are common in that they allege a common course of conduct affecting each Class Member.

(c)     <u>Typicality</u>:  The class representatives' claims arise from the same course of conduct and share the substantially same legal theory, as do the claims of the members of each respective Class.   Furthermore, the Class representative(s) in each Class will advance the interests of all Class Members of that Class.  The individual class representatives in each Class plead various causes of action stemming from a common course of conduct.  The class representatives' claims are typical of those of each of the respective Classes and each Class satisfies Rule 23(a)(3).

(d)     <u>Adequacy</u>:  The proposed class representative(s) for each Class assert claims representative of the claims of each respective Class in its entirety.  As such, even though the claims may not be identical in amount to every claim of every Class Member in each of the two Classes, the class representatives of each Class can adequately represent the entire Class that they are representing.

        The adequacy factor also considers Lead Class Counsel.  In this case, Lead Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied for both Classes.

(e)     <u>Predominance</u>:   There is predominance in each of the two Classes.  Common issues include: (a) whether Viridian's variable rate policies and practices constitute unfair or deceptive trade practices, (b) whether Viridian breached its contracts with the Classes, and (c) whether Viridian breached its covenant of good faith and fair dealing with the Classes.  The resolution of these questions is relevant to essential elements of every Class Member's claims in both Classes.

      (f)    <u>Superiority</u>:  A settlement class that will determine the issues common to all Class Members and fix compensation for alleged economic injury is superior to thousands of trials that would risk disparate results for similarly situated individuals and entities.  This superiority is present with respect to both Classes.

6.      In the interest of clarity, the Court reiterates that it makes the above findings set forth in paragraphs 3 and 4 regarding certification of the two Classes are only for the purposes of settlement only.

7.      The Court reconfirms the appointment of the Class representatives of each Class as follows:  BDK Alliance LLC for the Above Average Usage Class and Lori Sanborn, Iron Man, LLC, Stephanie Silver, David Steketee, Susanna Mirkin, Boris Mirkin, Elizabeth Hembling, Stewart Connard, Patricia Kulesa, and Steven Landau for the Average Usage Class.

8.      The Court approves the Proposed Settlement Agreement, together with all of its Exhibits, on file at ECF 155-1, as being fair, adequate, and reasonable and in the best interests of both of the respective Classes, satisfying Fed. R. Civ. P. 23(e) and the fairness and adequacy factors of this Circuit.

9.      Rule 23(e)(2) provides that a court may approve a class action settlement only if it is "fair, reasonable, and adequate."  Fed. R. Civ. P.  23(e)(2).  "The court must review the negotiating process leading up to the settlement for procedural fairness, to ensure that the settlement resulted from an arm's-length, good faith negotiation between experienced and skilled litigators."  *Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).  The Settlement Agreement was entered into by experienced counsel after extensive, arm's length negotiations.  The Settlement is

not the result of collusion and was entered into in good faith.  Lead Class Counsel and the Plaintiffs have fairly and adequately represented each of the Settlement Classes for purposes of entering into and implementing the Settlement

10.     Further, in reaching the decision to approve the Settlement individually and independently for each of the respective Classes, the Court has considered factors that include: the nine *Grinnell* factors used in this Circuit to evaluate class action settlements:  (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see also Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

11.     The Court holds that the Notice and notice plan as carried out satisfy the requirements of Fed. R. Civ. P. 23(e) and due process.  This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated February 26, 2018 (ECF No. 163).  The Court further finds that the direct-notice strategy as implemented

has successfully and adequately reached each Class, thus constituting the best practicable notice and satisfying due process.

12. The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this case for both Classes.

13. The Court reconfirms the appointment of IZARD, KINDALL & RAABE, LLP and WITTELS LAW P.C. as Co-Lead Class Counsel for both of the Settlement Classes and also re-affirms the appointment of the other firms as Class Counsel as set forth in the Court's Preliminary Approval Order.

14. The Court reconfirms the appointment of the Settlement Administrator.

15. The "Released Claims" (as defined below) of any and all Class Members in both Classes and others (the "Releasing Persons" as defined below) are HEREBY RELEASED AND DISMISSED WITH PREJUDICE against all "Released Persons" (as defined below):

"Released Claims" means and includes any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary, or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual, or representative, of every nature and description whatsoever, based on any federal, state, local, statutory or common law, or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Persons, or any of them, that arose during the Class Period, or arise in any manner whatsoever from facts that occurred during the Class Period, out of the same factual predicate as the claims asserted in the litigations described in paragraphs 1.1 thru 1.16 of the Settlement Agreement, including but not limited to any and all claims related to or arising out of the conduct alleged in the Amended Consolidated Class Action

6

Complaint or similar conduct (including but not limited to alleged advertising or marketing violations, or any variable rates Viridian charged for the supply of electricity or natural gas under any agreement, understanding, or program), and wherever the alleged conduct or similar conduct may have occurred and/or that is or are based on any act, omission, inadequacy, misstatement, representation, harm, matter, cause, or event by the Released Persons.

The Released Claims specifically exclude claims for (i) personal injury, (ii) damage to property, and (iii) claims that accrue based on facts that occur after the Preliminary Approval Order.

"Released Persons" means Viridian Energy, Inc., Viridian Energy PA LLC, Viridian Energy NY, LLC, and Viridian Energy, LLC, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as each of their respective current and former officers, directors, members, stakeholders, shareholders, owners, employees, agents, attorneys and insurers, and sales representatives, including but not limited to any and all Independent Viridian Associates and any of their current and former directors, officers, employees and/or agents, and Plaintiffs, Class Counsel, and any Person who assisted Class Counsel in the Litigation in any way whatsoever.

"Releasing Parties" means Plaintiffs, all Settlement Class Members, Class Counsel, and any Person claiming by or through him, her, or it, including any Person claiming to be his, her, or its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, executor, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee, or affiliate, Viridian, Viridian Energy PA LLC, Viridian Energy NY, LLC, and Viridian Energy, LLC, and their parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as their respective current and former officers, directors, members, stakeholders, owners, employees, agents, attorneys and insurers. However, for clarity, notwithstanding any other provision of this Final Order and Judgment or the Settlement Agreement, Viridian is not releasing any Class Members from any existing contractual obligations pursuant to energy rate plans with Viridian, including any outstanding balances.

"Unknown Claims" means Released Claims that any Releasing Party does not know or suspect to exist, which, if known by him, her, or it, might affect his, her, or its agreement to release the Released Persons for the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the Settlement.

"Class Period" means July 1, 2009 through December 31, 2016.

16.     By entry of this Final Order and Judgment, and with the exception of Patricia
        Belanger, who has filed a timely and valid request for exclusion, every other
        Class Member of both the Average Usage Class and the Above Average Usage
        Class, and all other persons and entities claiming by, through, or on behalf of, a
        Class Member of either or both Classes, are hereby forever barred and enjoined
        from commencing, filing, initiating, instituting, prosecuting, maintaining, or
        consenting to any action against the Released Persons with respect to the Released
        Claims and forever discharge and hold harmless the Released Persons of and from
        any and all Released Claims which the Class Member has or may hereafter have.

17.     The Court directs that the following related underlying cases pending in this Court
        against Viridian relating to Released Claims be dismissed with prejudice: (1) the
        *Steketee* action, Civil Action No. 3:15-cv-00585; (2) the *Mirkin* action, Civil
        Action No. 3:15-cv-01057; and the *Hembling* action, Civil Action No. 3:15-cv-
        01258.

18.     The Court also directs that Class Counsel inform the Court before which the
        related action of *Landau v. Viridian Energy PA LLC*, Civil Action No. 2:16-cv-
        02383 (E.D. Pa.) is pending of the entry of this Final Order and Judgment.

19.     This Final Order and Judgment notwithstanding, this Court retains continuing
        jurisdiction over the case, the Settlement, this Final Order and Judgment, the
        Class Members of both Classes, the Settlement Administrator, the Plaintiffs, Lead
        Class Counsel and other Class Counsel, and Viridian for the purpose of
        administering, supervising, construing and enforcing this Settlement and the Final

8

Order and Judgment, supervising the disbursement of funds under the Settlement, and, by separate order, addressing the applications for an award of attorneys' fees and expenses.

20.   Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court, that threatens to undermine the Settlement in this case and this Final Order and Judgment.

21.   FINAL JUDGMENT is hereby ENTERED dismissing with prejudice all Released Claims of both Classes against all Released Persons as herein described.

22.   Pursuant to Fed. R. Civ. P. 54(b), the Court determines that there is no just cause for delay and expressly DIRECTS the ENTRY OF JUDGMENT on all issues contained in this Order.

DATED:  Bridgeport, Connecticut
This _____, day of _____, 2018

_____
Stefan R. Underhill
Judge, United States District Court

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI SANBORN, BDK ALLIANCE LLC, IRON MAN LLC and STEPHANIE SILVER, DAVID STEKETEE, SUSANNA MIRKIN, BORIS MIRKIN, ELIZABETH HEMBLING, PATRICIA KULESA, STEWART CONNARD and STEVEN LANDAU on behalf of themselves and all others similarly situated, | No. 3:14-cv-01731 (SRU) <br><br> <u>CLASS ACTION</u> |
|                Plaintiffs, <br><br> v. <br><br> VIRIDIAN ENERGY, INC. and VIRIDIAN ENERGY PA LLC., <br><br>                Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES
AND PLAINTIFF SERVICE AWARDS**

This matter coming to be heard on the Plaintiff's Motion for an Award of Attorneys' Fees and Expenses and Plaintiff Service Awards, together with the supporting papers filed by Plaintiffs, and having heard and considered the evidence and arguments of counsel, the Court makes the findings and grants the relief set forth below.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    The Court finds that the efforts of Plaintiffs; and of Lead Class Counsel Izard Kindall & Raabe LLP and Wittels Law P.C. and of the other Class Counsel firms as set forth in

the Court's Final Approval Order (collectively, "Settlement Class Counsel"); have resulted in a Settlement that creates cash value of $18,500,000 for the benefit of the Settlement Class.

2.      Plaintiff has requested an award of attorneys' fees of $4,047,333.39, equal to 21.9 percent of the cash value of the Settlement.  The Court finds that it is appropriate to award attorneys' fees based on the percentage method.  The Court further finds that Settlement Class Counsel have expended considerable time and effort prosecuting this litigation over a period of several years.  The case involved considerable factual complexity and an untried theory of liability.  The quality of representation was high and counsel achieved a good result for the Settlement Class.

3.      Based upon the foregoing, and upon the Court's consideration of all of the evidence and argument of counsel, the Court awards attorneys' fees to be paid from the Settlement Fund in the amount of $_____ in accord with the terms of the Settlement Agreement.  The fee of $_____, or ____ percent, is in line with awards in other complex class action cases, and public policy supports an award of fees sufficient to ensure that the interests of consumers are represented ably by talented and experienced trial counsel.  A lodestar cross-check indicates that a ____ percent fee represents a negative lodestar multiple of approximately ____%, which is substantially below what has been awarded in numerous cases.

4.      Plaintiff has further requested that the Court reimburse the expenses Settlement Class Counsel have incurred litigating this case in the amount of $407,666.61, most of which involved payment of experts whose work was essential to achieving the Settlement and ensuring that its benefits could be fairly allocated to the Settlement Class.  Based upon the foregoing, and upon the Court's consideration of all of the evidence and argument of counsel, the Court finds that the claimed expenses were reasonable and necessary for the prosecution of the case, and

awards Settlement Class Counsel the amount of $_____ for reimbursement of expenses, to be paid from the Settlement Fund in accord with the Terms of the Settlement Agreement.

5.      Plaintiffs have also requested Case Contribution Awards of $5,000 in recognition of their time and effort spent in litigating this case on behalf of the Settlement Class.  Having reviewed all of the evidence and argument of counsel, the Court finds that the named representative Plaintiffs devoted considerable time to the litigation and worked hard to achieve a good result for the entire Settlement Class.  Accordingly, the Court awards Plaintiffs service awards in the amount of $_____ each, to be paid from the Settlement Fund and distributed in accordance with the terms of the Settlement Agreement.

6.      In the event the Effective Date does not occur, this Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Order shall be vacated and null and void.

7.      The Court has thoroughly considered the sole Objection to the Settlement as filed by Michael Ferraro (ECF No. 167), and overrules the Objection in its entirety as having no legal or factual basis.  Among other infirmities, the Objection fails based upon the precedent set by *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) and *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423 (2d Cir. 2007), concerning similar class action settlement agreements.


DATED:  Bridgeport, Connecticut
This _____, day of _____, 2018


                                        _____
                                        Stefan R. Underhill
                                        Judge, United States District Court

3